# DECLARATION OF JON A. WARD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GINA ROSATI and AMY FREDERICK, on behalf of
themselves and all others similarly situated,

                                           **Plaintiffs,**

- against -

E.M. WINGS, LLC d/b/a HOOTERS OF EAST
MEADOW, F.M. WINGS, LLC d/b/a HOOTERS OF
FRESH MEADOWS, I.S. WINGS, LLC d/b/a
HOOTERS OF ISLANDIA, STRIX, LLC,
RICHARD BUCKLEY and CHRISTOPHER
LEVANO,

                                         **Defendants.**

**DECLARATION OF
JON A. WARD**

CV 09-4680

(DRH)(ARL)

    I, **JON A. WARD**, an attorney duly admitted to practice law in the Eastern District of New York, declare under penalty of perjury, that the foregoing is true and correct:

    1.    I am a member of Sahn Ward & Baker, PLLC, the attorneys for the Defendants in the above-captioned action. I am fully familiar with the facts and circumstances set forth herein.

    2.    I submit this Declaration in support of the Defendants' motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and to dismiss or stay this action.

    3.    Pursuant to the Complaint in this action, a copy of which is annexed hereto as **Exhibit "A"**, the Plaintiffs, Gina Rosati and Amy Fredericks, on behalf of themselves and others similarly situated, purport to assert claims against the Defendants for failure to pay minimum wages and unlawfully expropriating tips under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*, in connection with their employment by the Defendants.

4.      Under the FAA, there is a strong federal policy favoring arbitration as an alternative means of dispute resolution.

5.      In deciding whether an action should be sent to arbitration under the FAA, a court must determine: (1) whether the parties agreed to arbitrate; (2) whether the claims fall within the scope of the arbitration agreement; (3) if federal statutory claims are at issue, whether Congress intended the claims to be non-arbitrable; and (4) if not all of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration.

6.      As the Court will see from the accompanying Declarations of Richard Buckley and Stacy Lancaster, each dated February 9, 2010, as well as the accompanying Memorandum of Law, the parties have agreed to arbitrate.  The Defendants have a written Arbitration Policy that requires all of their employees to submit "any . . . employment-related disputes to . . . binding arbitration . . . ."  This Policy is set forth in the Defendants' Employee Handbook, which was given and explained to the Plaintiffs at the time of their respective hire, and re-issued to them in 2007.  It was also explained to them at the time of their respective hire, and again in 2007, that compliance with the policies in the Handbook was mandatory and a condition of their employment.  Further, the Plaintiffs signed written acknowledgments stating, among other things, that they had "received, read and understood" the provisions of the Employee Handbook, including without limitation, the Defendants' Arbitration Policy.

7.      The Plaintiffs' claims fall within the scope of the Arbitration Policy.  The language of the Policy is broad.  It applies to "any employment-related dispute . . . ."  The Plaintiffs' FLSA and NYLL claims clearly arise from and relate to their employment by the Defendants, and therefore constitute an employment-related dispute.

8.      There is nothing in the FLSA which indicates that Congress intended FLSA claims to be non-arbitrable.  As the Court will see in the accompanying Memorandum of Law, numerous courts have held that FLSA claims are arbitrable.

9.      Finally, all of the Plaintiffs' FLSA and NYLL claims are arbitrable because they are within the scope of the Arbitration Policy.

**WHEREFORE,** based on the facts set forth in the accompanying Declarations of Buckley and Lancaster, as well as the law set forth in the accompanying Memorandum of Law, Defendants request an Order pursuant to the FAA compelling the Plaintiffs to arbitrate and dismissing or staying this action.

Dated: Uniondale, New York
        February 9, 2010

JON A. WARD, ESQ.

3

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

GINA ROSATI and AMY FREDERICK, on behalf of
themselves and all others similarly situated,

                              Plaintiffs,

        -against-

E.M. WINGS, LLC d/b/a HOOTERS OF EAST
MEADOW, F.M. WINGS, LLC d/b/a HOOTERS
OF FRESH MEADOWS, I.S. WINGS, LLC d/b/a
HOOTERS OF ISLANDIA, STRIX, LLC,
RICHARD BUCKLEY and CHRISTOPHER
LEVANO,

                             Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE AND
CLASS ACTION**

**ECF CASE**

FILED
CLERK

09 OCT 29 AM 9: 06

U.S. DISTRICT COURT
EASTERN DISTRICT

HURLEY, J.

LINDSAY, M.J.

       Plaintiffs Gina Rosati and Amy Frederick (collectively referred to herein as "plaintiffs"), by their attorneys, Berke-Weiss & Pechman LLP and Raymond Nardo, complaining of defendants E.M. Wings, LLC, F.M. Wings, LLC, I.S. Wings, LLC, Strix, LLC, Richard Buckley and Christopher Levano (collectively, "Hooters of Long Island" or "defendants"), allege:

### NATURE OF THE ACTION

    1.    This action is brought to recover unpaid minimum wages and unlawfully expropriated tips pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), § 190, *et seq.*

    2.    Hooters of Long Island unlawfully expropriated part of plaintiffs' tips, made unlawful deductions from plaintiffs' wages, failed to compensate its waitresses at the federal and state minimum wage, and failed to reimburse plaintiffs for the purchase, cleaning, care and maintenance of uniforms that defendants required its waitresses to wear.

3.      Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to plaintiffs, disgorgement of tips which were diverted to the kitchen staff, liquidated damages under the FLSA, interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as defendants maintain corporate offices and operate restaurants in the Eastern District of New York.

## THE PARTIES

**Plaintiffs**

6.      Gina Rosati ("Rosati") resides at 270 Brookside Court, Copiague, New York. She has been employed by E.M. Wings, LLC as a waitress at Hooters of East Meadow from 2005 through the present.

7.      Amy Frederick ("Frederick") resides at 38-19 215th Place in Bayside, New York. She has been employed by E.M. Wings, LLC as a waitress at Hooters of East Meadow and by F.M. Wings, LLC at Hooters of Fresh Meadows from June 2005 through the present.

**Corporate Defendants**

8.     Defendant E.M. Wings, LLC is a New York corporation which owns and operates Hooters of East Meadow, a restaurant located at 1740 Hempstead Turnpike, East Meadow, New York, 11554.

9.     E.M. Wings, LLC's corporate office is located at 1740 Hempstead Turnpike, East Meadow, New York, 11554.

10.    Hooters of East Meadow has an annual gross volume of sales in excess of $500,000.

11.    Defendant F.M. Wings, LLC is a New York corporation which owns and operates Hooters of Fresh Meadows, a restaurant located at 61-09 190th Street, Fresh Meadows, New York, 11365.

12.    F.M. Wings, LLC's corporate office is located at 1740 Hempstead Turnpike, East Meadow, New York, 11554.

13.    Hooters of Fresh Meadows has an annual gross volume of sales in excess of $500,000.

14.    Defendant I.S. Wings, LLC is a New York corporation which owns and operates Hooters of Islandia, a restaurant located at 3701 Expressway Drive N., Islandia, New York, 11749.

15.    I.S. Wings, LLC's corporate office is located at 1740 Hempstead Turnpike, East Meadow, New York, 11554.

16.    Hooters of Islandia has an annual gross volume of sales in excess of $500,000.

17.    Defendant Strix, LLC is a Delaware corporation which owns and operates E.M. Wings, LLC, F.M. Wings, LLC, and I.S. Wings, LLC, which together comprise "Hooters of Long Island."

3

18.    Strix, LLC's corporate office is located at 1740 Hempstead Turnpike, East Meadow, New York, 11554.

**Individual Defendants**

19.    Defendant Richard Buckley resides in Nassau County.  He is an owner and the Chief Executive Officer of Hooters of Long Island, and at all times material herein, established and had authority regarding the pay practices at Hooters of Long Island.

20.    Defendant Christopher Levano resides in Nassau County.  He is an owner of Hooters of Long Island, and at all times material herein, established and had authority regarding the pay practices at Hooters of Long Island.

## CLASS ACTION ALLEGATIONS

21.    The claims in this Complaint arising out of the NYLL are brought by plaintiffs under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and of a class consisting of all persons who have worked as waitresses at Hooters of Long Island (the "Rule 23 Class").

22.    The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

23.    Upon information and belief, the size of the Rule 23 Class is at least one hundred (100) people, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of defendants.

24.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

25.    Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, *inter alia*, the following:

a.  whether defendants violated NYLL Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations;

b.  whether defendants misappropriated tips from plaintiffs and the Rule 23 Class;

c.  whether defendants made improper deductions from plaintiffs and the Rule 23 Class;

d.  whether defendants promulgated and implemented an unlawful tip-sharing scheme;

e.  whether defendants failed to pay plaintiffs and the Rule 23 Class the applicable minimum wage under the NYLL;

f.  whether defendants made unlawful deductions from the wages of the Rule 23 Class;

g.  whether defendants failed to reimburse plaintiffs for the purchase, cleaning, care, and maintenance of uniforms they required plaintiffs to wear;

h.  whether defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

i.  the nature and the extent of class-wide injury and the measure of damages for those injuries.

26.    The claims of the plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the members of the Rule 23 Class work or have worked for defendants as waitresses at Hooters of Long Island within the six years prior to the filing of this action.  They enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid minimum wages, and to keep the tips they earn.  Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of defendants' failure to comply with the NYLL.

27.   Plaintiffs and the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to defendants' common policies, practices, and patterns.

28.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs have retained counsel competent and experienced in wage and hour litigation and class action litigation. There is no conflict between the plaintiffs and the Rule 23 Class members.

29.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Hooters of Long Island's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Hooters of Long Island's compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

30.   This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

31.   The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons who have worked at Hooters of Long Island since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

32.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate plaintiffs.  There are over one hundred (100) similarly-situated current and former waitresses of Hooters of Long Island who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Hooters of Long Island, are readily identifiable, and are locatable through Hooters of Long Island's records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE ALLEGATIONS

33.     Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively the "Class Members") have been victims of Hooters of Long Island's common policies and practices that have violated their rights under the FLSA and the NYLL by, *inter alia*, willfully denying them minimum wage, overtime wages, tips earned, and other wages.

34.     Plaintiffs and Class Members are employees who all fall into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips and are required by Hooters of Long Island to participate in a tip-sharing scheme at Hooters of Long Island.  29 U.S.C. § 203(t).

35.     As part of its regular business practice, Hooters of Long Island has intentionally, willfully, and repeatedly harmed plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.  This policy and pattern or practice includes, *inter alia*, the following:

7

     a.   redistributing portions of the tips earned by plaintiffs and Class Members to employees not entitled to tips under the FLSA or the NYLL;

     b.   denying plaintiffs and Class Members minimum wages they earned;

     c.   denying plaintiffs and Class Members tips they earned;

     d.   making unlawful deductions from the wages of plaintiffs and the Class Members.

36.     Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

37.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiffs and the Class Members.

**The Tip-Sharing Policy At Hooters of Long Island**

38.     Hooters of Long Island employs at any given time over one hundred (100) waitresses.

39.     The FLSA and the NYLL require that employers pay their employees an hourly minimum wage. However, employers may be eligible to take a "tip credit" for tipped employees. Employers must either allow tipped employees to keep all of the tips that they receive, or employers may forgo the tip credit and pay their employees the full hourly minimum wage, currently $7.25 per hour.

40.     The FLSA requires that, in order to be eligible for a tip credit, all tips that are received by employees be retained by employees. This provision allows for a tip-sharing system, provided that no person who does not "customarily and regularly receive tips" shares in the tips.

41.     Section 196-d of the NYLL prohibits any "employer or his agent" from demanding or accepting, either "directly or indirectly, any part of the gratuities,

received by an employee, or retain[ing] any part of a gratuity or of any charge purported to be a gratuity for an employee."

42.    Hooters of Long Island and its agents appropriated tips and diverted them to the kitchen, effectively paying the wages of non-tipped employees from the waitresses' tips and preventing waitresses from retaining tips in violation of the FLSA and NYLL.

43.    At Hooters of Long Island, individuals who do not fall within the category of "tipped employees," and do not customarily and regularly receive tips, unlawfully received a share of the waitresses' tips.

44.    In particular, all waitresses at Hooters of Long Island were required to contribute two percent (2%) of their net sales each shift to a cash pool for the kitchen employees.  The manager at each Hooters of Long Island location would divide this kitchen pool amongst the kitchen employees for that respective location.

45.    The tip-sharing scheme at Hooters of Long Island was not voluntary or optional, and waitresses were told upon securing employment at Hooters of Long Island that they must take part in these practices as a condition of their employment.

46.    Because Hooters of Long Island established an illegal tip-sharing scheme at the restaurant, it was not entitled to reduce the minimum wages of its waitresses by applying the tip credit allowance that is available under the FLSA and the NYLL.

**Uniforms**

47.    As a condition of employment, Hooters of Long Island requires its waitresses to purchase and wear a nationally-recognizable uniform consisting of tight orange shorts bearing the Hooters logo, a top bearing the Hooters logo across the chest, shiny beige pantyhose, thick white socks, a pouch bearing the Hooters logo, and a name tag bearing the Hooters logo.

48.     This uniform is not comprised of ordinary street clothing.

49.     Hooters of Long Island requires waitresses to pay for the uniforms and any replacements, and it does not pay for cleaning of these uniforms. The cost to the waitresses is as follows: $5.45 for Dolphin Shorts, $2.50 for Hose, $6.00 for Lycra Tank Top, $3.25 for a pouch, $2.25 for socks.

50.     Hooters of Long Island does not reimburse its waitresses for the cleaning of their uniforms.

**Other Deductions**

51.     Hooters of Long Island waitresses were held personally responsible for customer walkouts.

**FIRST CLAIM**
**Fair Labor Standards Act – Unpaid Minimum Wage**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

52.     Plaintiffs repeat and reallege paragraphs 1 through 51 as if fully set forth herein.

53.     Defendants E.M. Wings, LLC, F.M. Wings, LLC, I.S. Wings, LLC, Strix, LLC, Richard Buckley and Christopher Levano are "employers" within the meaning of 29 U.S.C. §§ 203(d) and 206(a).

54.     Plaintiffs Rosati and Frederick are "employees" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

55.     Defendants were required to pay directly to plaintiffs and the FLSA Collective the applicable federal minimum wage rate for all hours worked.

56.     Hooters of Long Island was not eligible to avail itself of the federal tipped employee minimum wage rate under Section 3(m) of the FLSA because, *inter alia*,

    a.  Hooters of Long Island was required and failed to inform plaintiffs and the FLSA Collective of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m); and

10

    b. Hooters of Long Island unlawfully redistributed portions of the tips received by plaintiffs and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

57.    Hooters of Long Island failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA, 29 U.S.C. § 206.

58.    Plaintiffs and the FLSA Collective did not mutually agree to defendants' tip-sharing practices, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 531.54.

59.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the FLSA Collective.

60.    As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective have suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### New York Labor Law – Unpaid Minimum Wage
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

61.    Plaintiffs repeat and reallege paragraphs 1 through 60 as if fully set forth herein.

62.    E.M. Wings, LLC, F.M. Wings, LLC, I.S. Wings, LLC, Strix, LLC, are "employers," and Richard Buckley and Christopher Levano are "employers" and "agents" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

63.     Plaintiffs Rosati and Frederick are "employees" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

64.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to defendants and protect the plaintiffs and Class Members.

65.     Defendants were not allowed to avail themselves of the NYLL tipped minimum wage because, *inter alia*, defendants did not permit plaintiffs and the Class Members to retain the entirety of their tips, and defendants failed to pay plaintiffs and Class Members the minimum hourly wages to which they are entitled under the NYLL and supporting New York State Department of Labor Regulations.

66.     Defendants redistributed part of the gratuities received by plaintiffs and Class Members to employees other than waitresses, busboys, or similar employees.

67.     As a result of defendants' willful violations of the NYLL, plaintiffs and Class Members are entitled to recover unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**New York Labor Law – Unlawful Deductions**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

68.     Plaintiffs repeat and reallege paragraphs 1 through 67 as if fully set forth herein.

69.     New York State Labor Law § 196-d prohibits any employer or its agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

12

70.     Defendants unlawfully redistributed tips from Hooters waitresses to kitchen employees and other non-tipped employees other than servers, busboys or similar employees in violation of NYLL § 196-d and the supporting New York State Department of Labor Regulations.

71.     Defendants' knowing and intentional demand and retention of a portion of the waitresses' tips were willful violations of the NYLL and supporting Department of Labor Regulations.

72.     Due to defendants' willful violations of the NYLL, plaintiffs and the Class Members are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

### FOURTH CLAIM
### New York Labor Law – Uniform Expenses
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

73.     Plaintiffs repeat and reallege paragraphs 1 through 72 as if fully set forth herein.

74.     Defendants required plaintiffs and the Rule 23 Class to wear uniforms that were not composed of ordinary street clothing and did not permit variations in details of dress. Defendants prescribed a specific type and style of clothing to be worn at work.

75.     Defendants required plaintiffs and the Rule 23 Class to purchase these uniforms from defendants and did not reimburse plaintiffs or the Rule 23 Class for these costs, in violation of the NYLL and its supporting regulations, N.Y.C.R.R. § 137-1.8.

76.     Defendants also unlawfully required plaintiffs and members of the Rule 23 Class to launder and maintain their uniforms, and failed to provide plaintiffs with pay in addition to the minimum wage for these costs, in violation of NYLL and its supporting regulations, N.Y.C.R.R. § 137-1.8.

77.    Plaintiffs and the Class Members incurred costs purchasing and laundering the uniforms for the benefit and convenience of defendants.

78.    It was defendants' policy, and pattern or practice at all of its restaurants not to pay for the purchase or laundering of plaintiffs' and the Class Members' uniforms, not to reimburse them for these costs, and not to compensate them at all for these costs.

79.    Defendants' failure to reimburse plaintiffs and the Rule 23 Class for the cost of purchasing and laundering these uniforms reduced plaintiffs' and the Class Members' wages to a level below the required minimum wage and overtime pay.

80.    Due to defendants' willful violations of the NYLL, plaintiffs and the Rule 23 Class are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs on behalf of themselves, the Rule 23 Class, and all employees similarly situated who join in this action, respectfully request that this Court enter a judgment:

a.    to authorize the issuance of notice at the earliest possible time to all Hooters of Long Island waitresses who were employed during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.    to declare that defendants have violated the tip sharing provisions of the FLSA and the NYLL;

c.    to declare that defendants' violations of the FLSA were willful;

14

d.      to disgorge from defendants and order that the defendants remit back the amount of the tip credit deducted from the wages of plaintiffs, the FLSA Collective, and the Rule 23 Class;

e.      to award plaintiffs, the FLSA Collective, and the Rule 23 Class, damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wages actually paid to the plaintiffs, the FLSA Collective, and the Rule 23 Class for the hours and overtime hours they worked;

f.      to award plaintiffs, the FLSA Collective, and the Rule 23 Class, damages for unpaid wages and tips which were unlawfully diverted to non-waitresses at Hooters of Long Island;

g.      to award plaintiffs and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to 29 U.S.C. §§ 216 and 260 (but plaintiffs do not seek liquidated damages under the NYLL);

h.      to award plaintiffs pre-judgment interest;

i.      to certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

j.      to award plaintiffs, the FLSA Collective, and the Rule 23 Class, reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL.

15

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand

a trial by jury in this action.

Dated:  New York, New York
        October 29, 2009

_____
Louis Pechman (LP-6395)

**BERKE-WEISS & PECHMAN LLP**
Louis Pechman (LP-6395)
488 Madison Avenue – 11th Floor
New York, New York 10022
(212) 583-9500

**THE LAW OFFICE OF RAYMOND NARDO**
Raymond Nardo (RN-4773)
129 Third Street
Mineola, NY 11501
(516) 248-2121

*Attorneys for Plaintiffs*

16